### FARMERS' & MECHANICS' NAT. BANK OF PHILADELPHIA v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 23, 1926.)

No. 3337.

1. **Internal revenue** ⟨⇒⟩2—Three-year statute of limitation held not repealed, and bar to petition for production of income tax payer's books (Revenue Act 1916, § 14 [Comp. St. § 6336n]; Revenue Act 1917, § 206 [39 Stat. 1001]; Revenue Act 1921 [42 Stat. 227]).

Revenue Act 1916, § 14 (Comp. St. § 6336n), as adopted by Revenue Act 1917, § 206, was not repealed by General Revenue Act 1921, and barred government's petition, after three years from income tax return for 1917 and payment of tax thereunder, for rule to produce books for inspection.

2. **Internal revenue** ⟨⇒⟩2—Statute must be clear to take away taxpayer's exemption from inspection of books after period prescribed by prior statute (Revenue Act 1916, § 14 [Comp. St. § 6336n]; Revenue Act 1917, § 206 [39 Stat. 1001]).

Statute must be clear and unequivocal to take away taxpayer's exemption from inspection of books after three years, under Revenue

Act 1916, § 14 (Comp. St. § 6336n), as adopted by Revenue Act 1917, § 206.

**3. Statutes ⬿158.**

Repeals by implication are not favored.

**4. Statutes ⬿245.**

Doubts in construction of taxing statutes are resolved in favor of taxpayer.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Charles L. McKeehan, Judge.

Petition by the United States for a rule on Howard W. Lewis, liquidating agent of the Farmers' & Mechanics' National Bank of Philadelphia, to produce for inspection its records bearing on tax returns for 1917. From a decree (4 F.[2d] 146) granting order to produce, Howard W. Lewis appeals. Reversed and remanded, with directions to dismiss petition.

Lewis, Adler & Laws, of Philadelphia, Pa. (Otto Wolff, Jr., of Philadelphia, Pa., of counsel), for appellant.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and A. W. Gregg, Solicitor of Internal Revenue, L. H. Baylies, and F. F. Toomey, Asst. Attys., Bureau of Internal Revenue, all of Washington, D. C., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1] In the court below the United States, on October 17,. 1922, presented a petition for a rule on Howard W. Lewis, liquidating agent of the Farmers' & Mechanics' National Bank, to produce for inspection its books, papers, etc., bearing on matters required to be included in the income and excess profit return made by the bank for the year 1917. The return had not been questioned, and the tax assessed thereunder had been duly paid. Thereupon the liquidator refused to produce, alleging the court was without power to so order because, as he contended, section 14 of the Act of 1916 (39 Stat. 756, 772 [Comp. St. § 6336n]), as adopted by section 206 of the Revenue Act of 1917 (39 Stat. 1001), was in force and limited the grant of such relief to three years. The court held such was not the case and granted an order to produce, whereupon this appeal was taken, and the question involved is whether the section in question was repealed by the general Revenue Act of 1921.

Turning to the acts of 1916 and 1917, we find that "all assessments shall be made and the several corporations, joint-stock compa-

nies or associations, and insurance companies shall be notified of the amount for which they are respectively liable on or before the first day of June of each successive year, and said assessment shall be paid on or before the fifteenth day of June * * * except in cases of * * * erroneous, false, or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon the discovery thereof, at any time within three years after said return is due, make a return upon information obtained as provided for in this title or by existing law." The three years following the bank's return, and payment of the tax thereunder, having in this case expired while this provision stood, it follows ·that by this express statutory limitation the taxpayer was then freed from liability to produce its books.   Now, production of books, etc., is all we are here dealing with, and we are not dealing with a case of the government suing for taxes on the discovery of a fraud, as to which the act of 1921 (42 Stat. 265, § 250d, Comp. St. Ann. Supp. 1923, § 6336⅓tt) provides: "That in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due, * * *" and to which there is no limitation.

[2-4] If the taxpayer's right of exemption from inspection after three years, by virtue of section 14 of the act of 1916, inured, it follows that the subsequent taking away of that statutory immunity by a subsequent statute must be clear and unequivocal; for in that regard the canons of construction, of course, are that, as a general principle, repeals by implication are not favored, and in the case of taxpayers doubtful uncertainties in the construction of taxing statutes are resolved in favor of the taxpayer.

Viewing the case from that angle, we are pointed to no statute which in terms applies to such a situation as is here involved.   Was it covered by implication?   We shall not discuss in detail the general Revenue Act of 1921, further than to say that, when Congress saw fit to insert in section 250 that its provisions should not apply even to "proceedings begun at the time of the passage of this act," we may well question whether Congress meant it should apply to a case such as this, where the taxpayer had theretofore duly made a return, had paid the tax, and the statutory three years had expired,

and the government was unable to begin any proceeding to inspect and compel production. Recognizing the removal of all limitations exists where undiscovered fraud was involved, and the salutary purpose of acts of limitations as acts of repose, we are constrained to hold that in the case before us the three-year limitation of the act of 1916–17 in favor of this taxpayer was in force, that it was not taken away by the act of 1921, and was a bar to the petition of the government.

We therefore reverse the decree entered in the court below and remand the case, with directions to dismiss the petition.