MARIAN OTIS CHANDLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16259.    Promulgated June 29, 1929.

*A. Calder Mackay, Esq., Charles D. Hamel, Esq., Lee I. Park, Esq.,* and *George M. Thompson,* for the petitioner.

*R. H. Ritterbush, Esq.,* for the respondent.

## OPINION.

MARQUETTE: The question presented here is one of possible constructive receipt of income. The petitioner held promissory notes of a company, bearing interest at 5 per cent per annum. No interest was paid during the taxable years, and the testimony shows that the company did not have sufficient surplus cash in any of the taxable years to pay the current interest upon its outstanding notes. The company did have assets which were acquired, in part, in exchange for its capital stock; in part for the promissory notes here involved; and in part by changes in the investments. That portion of the assets acquired by the company through cash purchases does not appear. The debtor company's stock was all owned by the petitioner, her children, and her husband. It is the respondent's contention that the assets of the company were available, year by year, to pay the interest due to the petitioner; but that she, an officer and large stockholder in the company, voluntarily gave up the interest for the time being in order that the company might reinvest its money and increase, or at least strengthen, the investments which it held. Therefore, the respondent concludes, the petitioner constructively received the interest due her and is taxable thereon. The petitioner kept her personal accounts and made her income-tax returns upon the cash receipts and disbursements basis.

Section 213 (a) of the Revenue Act of 1918 is identical in language with the same numbered section of the 1921 Act. So far as applicable here, the wording is as follows:

* * * The term "gross income" (a) includes gains, profits, and income derived from * * * interest, rent, dividends, securities * * *. The amount of all such items * * * shall be included in the gross income for

the taxable year in which received by the taxpayer, unless * * * any such amounts are to be properly accounted for as of a different period.

Section 212 (b) of the Revenue Acts of 1918 and 1921, so far as here pertinent, reads:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of the taxpayer.

The question whether one on a cash receipts and disbursements basis may receive income constructively has been before the Federal courts. In *Mutual Benefit Life Insurance Co.* v. *Herold*, 198 Fed. 199, the court held that uncollected and deferred premiums, and interest due and accrued but not actually received, did not constitute income within the meaning of the taxing statute. We quote:

At the outset it may be remarked that a statute providing for the imposition of taxes is to be strictly construed, and all reasonable doubts in respect thereto resolved against the government and in favor of the citizen.

This doctrine is supported by *Spreckels Sugar Co.* v. *McClain*, 192 U. S. 397; *Benziger* v. *United States*, 192 U. S. 38; *American Net & Twine Co.* v. *Worthington*, 141 U. S. 468. Quoting, again, from the *Herold* decision:

Since, then, the language of the Act is explicit in permitting only such deductions from gross income as were actually paid during the current year, it would be strange, indeed, if on the opposite side of the account the company were charged with what it had not received during the current year. * * * the word "income" means that which has come in, not that which might have come in, but did not. If expenditures means what has been paid out, or outgoes, then income means what has come in, or receipts. * * * It seems almost to border upon absurdity to speak of income as including that which has not been received, and, which in the ordinary uncertainties of business may never be received. * * * They (interest and deferred premiums) are neither receipts nor income until paid.

This Board has also considered the same question in numerous cases. In *John A. Brander*, 3 B. T. A. 231, we held that Brander had constructively received $2,904.49 credited to him as salary by the corporation of which he was president, but not withdrawn by him. It appeared in that case that the company had ample surplus and cash with which to pay Brander, together with net earnings for the year in question sufficient to pay a dividend of 350 per cent on the outstanding capital stock.

In *Archer L. Kent*, 6 B. T. A. 614, a corporation declared a dividend, amounting to $17,605.04 on Kent's stock. The parties stipulated that $7,464.79 of this dividend was payable (in the taxable year) and was unqualifiedly subject to the taxpayer's demand on that date (the taxable year); and we held that Kent had constructively received such portion of the dividend although he did not receive the dividend check, mailed December 31, until January.

In both these cases the debtor company had on hand at the close of the year sufficient cash and surplus with which to pay the amounts due, and those amounts were unqualifiedly set apart and made subject to the taxpayer's demands; but, in the appeal now before us, in no one of the taxable years do we find both these necessary elements occurring. In *Estate of Julius J. Nartzik*, 8 B. T. A. 685, the corporation of which he was president voted him a bonus, for services rendered, of $25,000. This action was taken in 1920, but the amount was not credited upon the company's books, which were kept on the accrual basis, until February, 1921, when the credit was made as of December 31, 1920. In disallowing the Commissioner's determination of constructive receipt of the money in 1920, we said:

Before it should be held that a taxpayer constructively received income in any taxable year when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation. As was said by the Board in *John A. Brander*, 3 B. T. A. 231, "It was not that the corporation would not pay, but rather that he would not receive. This election to give the corporation the temporary use of the amount was an exercise by him of its enjoyment, and this is one of the primary attributes of income." The $25,000 in question was not sufficiently available for the decedent's use to constitute a constructive receipt by him. The theory of constructive receipt of income should not be extended beyond the principle announced by the Board in *John A. Brander*, *supra*, and this proceeding is clearly not within the rule announced in that appeal. The fact that the decedent owned practically all of the stock of the corporation had nothing to do with the question whether he received income. The Commissioner argues that "the Board is wholly without information as to the corporation's ability to borrow money or to pay it [the bonus] from other sources than its balances of cash held in banks." The mere fact that a creditor of the taxpayer might borrow sufficient money or sell some of its assets and realize sufficient cash to pay the taxpayer the amount due does not make the taxpayer in receipt of income on the cash basis. We are satisfied from the facts in this proceeding that the $25,000 was not received by the petitioner within the calendar year 1920 within the meaning of the statute and was not, therefore, income for that year.

In an early decision, *A. L. Englander*, 1 B. T. A. 760, we held that salary credited to an employee on the books of a corporation is not taxable income unless it is available for the use of such employee.

In *Edward J. White*, 13 B. T. A. 854, we held that an attorney's retainer fee, contracted for and apparently due and payable before 1920, but not actually paid until that year, was income in the year actually received. And to like effect are numerous other decisions of this Board.

In deciding this, or any other appeal, we must bear in mind that, as was said in *Storage & Transfer Co.* v. *Heiner*, 20 Fed. (2d)

921, " Taxes are not laid and collected on theory, but on a situation actually existing, as the facts may show that situation to be. Theory is applied in the absence of such facts. * * * Facts, and not bookkeeping entries, give rise to taxable income. *In re Curtis*, 142 N. Y. 219; 36 N. E. 887; *Swift's Estate*, 137 N. Y. 77; 32 N. E. 1096; *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179; *So. Pac. R. R.* v. *Muenter* (C. C. A.), 260 Fed. 837; *Baldwin Locomotive Works* v. *McCoach* (C. C. A.), 221 Fed. 59."

In the present proceeding, we are confronted by these facts: (1) In none of the taxable years did the debtor company have sufficient available cash to pay the current interest due to petitioner; (2) in only one of the taxable years was the petitioner credited upon the books of the company with the amount of interest due her; and in that year the company sustained a net loss of over $440,000. From the facts of this appeal, and a careful consideration of the governing statutes and the decisions applying them to similar situations, our conclusion must be wholly counter to the determination of the respondent. The debtor company having no available cash with which to pay, and not having made the appropriation for the payment of the interest due this petitioner, it is difficult to see wherein the company's funds were so " unqualifiedly subject to the taxpayer's demand," as to bring this situation within the purview of a constructive receipt of income.

But the respondent argues that the company might have disposed of some of its assets, and thus have obtained the money to pay the petitioner's interest. It is not for us to speculate or theorize upon what might have been, but was not, done. The petitioner was taxable upon her income; the interest which the respondent seeks to impress with taxes was not received by her and was, therefore, no part of her actual income; the interest due her was never made unqualifiedly subject to her demand. The respondent erred in his determination of deficiencies, and they are disallowed.

*Judgment will be entered under Rule 50.*