MARIAN OTIS CHANDLER, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 67468–67476. Promulgated June 7, 1935.

*A. Calder Mackay, Esq.*, and *George M. Thompson, Esq.*, for the petitioners.

*M. B. Leming, Esq.*, for the respondent.

[1] Proceedings of the following petitioners are consolidated herewith: Ruth Chandler Williamson; Harrison Gray Chandler; Constance Chandler; May Chandler Goodan; Norman Chandler; John L. Kirkpatrick; Helen Chandler; and Philip Chandler.

## OPINION.

Van Fossan: These proceedings were brought to redetermine deficiencies in the income taxes of the petitioners for the year 1929 in the following amounts:

| Petitioner | Docket no. | Deficiency |
|---|---|---|
| Marian Otis Chandler | 67468 | $163,175.03 |
| Ruth Chandler Williamson | 67469 | 24,466.69 |
| Harrison Gray Chandler | 67470 | 17,915.53 |
| Constance Chandler | 67471 | 17,515.10 |
| May Chandler Goodan | 67472 | 29,620.90 |
| Norman Chandler | 67473 | 19,235.24 |
| John L. Kirkpatrick | 67474 | 28,721.39 |
| Helen Chandler | 67475 | 17,522.91 |
| Philip Chandler | 67476 | 17,587.26 |

Two issues are presented:

(1) Was the transaction by which petitioners exchanged certain notes and interest for stock consummated in 1929 or 1930?

(2) Did the petitioners realize taxable income by reason of such exchange?

The facts were stipulated in part and in part adduced by testimony.

In 1916 Harry Chandler incorporated the Chandis Securities Co., hereinafter called the company, with a capital stock of 500 shares of the par value of $1,000 per share, for which stock he transferred to it certain real and personal property. He transferred 200 of such shares to his wife, Marian Otis Chandler, and 280 shares thereof to his children, all of whom are petitioners. Later he transferred other properties to the company for its promissory notes, which he assigned to his wife and children in approximately the same proportion as their stockholdings. The notes so assigned and interest accrued to December 31, 1923, were in the following amounts:

| | Note principal | Accrued interest to Dec. 31, 1923 |
|---|---|---|
| Marian Otis Chandler | $810,687.06 | $294,950.76 |
| Franceska Chandler Kirkpatrick | 179,490.04 | 66,533.84 |
| May Chandler Goodan | 179,490.04 | 66,533.83 |
| Helen Chandler | 130,474.68 | 45,648.37 |
| Philip Chandler | 130,474.68 | 45,648.36 |
| Ruth Chandler Williamson | 130,474.69 | 45,648.36 |
| Harrison Gray Chandler | 130,474.68 | 45,648.36 |
| Constance Chandler | 130,474.70 | 45,648.37 |
| Norman Chandler | 116,508.03 | 45,789.36 |
| Total | 1,938,548.60 | 702,049.61 |

On December 31, 1923, the Chandis Securities Co. issued new notes for the foregoing notes and accrued interest to the petitioners, which notes and interest accrued to December 31, 1929, were as follows:

| | Note principal | Accrued interest to Dec. 31, 1929 |
|---|---|---|
| Marian Otis Chandler | $1, 105, 637. 82 | $366, 418. 80 |
| Franceska Chandler Kirkpatrick | 246, 023. 88 | 81, 991. 18 |
| May Chandler Goodan | 246, 023. 87 | 81, 991. 18 |
| Helen Chandler | 176, 123. 05 | 58, 218. 25 |
| Philip Chandler | 176, 123. 04 | 58, 218. 26 |
| Ruth Chandler Williamson | 176, 123. 05 | 58, 218. 26 |
| Harrison Gray Chandler | 176, 123. 04 | 58, 218. 26 |
| Constance Chandler | 176, 123. 07 | 58, 218. 26 |
| Norman Chandler | 162, 297. 39 | 53, 516. 22 |
| Total | 2, 640, 598. 21 | 875, 008. 67 |

On October 14, 1929, the board of directors of the company passed a resolution increasing its capital stock from 500 shares of the par value $1,000 per share to 50,000 shares of the par value of $100 per share and, pursuant thereto, filed the certificate reciting such action, as required by the state statute.

On December 18, 1929, the board of directors of the company passed a resolution authorizing the company's officers to apply to the Corporation Commissioner of the State of California for permission to sell or issue 40,000 shares of its capital stock at par to liquidate the indebtedness of the company to its stockholders represented by the above notes. The resolution contained the following recitals and provisions:

WHEREAS, Chandis Securities Company is indebted to the following named persons, to-wit:

> Marian Otis Chandler
> Franceska C. Kirkpatrick
> May O. Goodan
> Helen Chandler
> Philip Chandler
> Ruth C. Williamson
> Harrison G. Chandler
> Constance Chandler
> Norman Chandler

in the aggregate principal sum of $2,640,598.21 all of which is evidenced by several promissory notes of this company held by said persons, dated December 31st, 1923, due on or before the 31st day of December, 1928, which notes bear interest at the rate of 5% per annum, compounded annually, on which no part of said principal or accrued interest has been paid, and

WHEREAS, the aforesaid persons have expressed their willingness and have offered to accept stock in this corporation at full par value thereof in full or part payment of their respective notes together with interest thereon.

Now, THEREFORE, be it resolved that, subject to the approval of the Commissioner of Corporations of the State of California, this corporation issue to any and/or all of the aforesaid persons in liquidation and payment of all or part of the indebtedness as aforesaid, together with interest thereon accrued

to the time of the issuance, fully paid stock in this corporation at its par value for the amount of the indebtedness so liquidated and paid, and that this corporation take and receive from the persons aforesaid a cancellation and satisfaction of said notes to the extent that stock may be so issued to the respective holders thereof,

AND BE IT FURTHER RESOLVED, That the President and Secretary of this Corporation be and they are hereby, authorized and empowered to make application to the Commissioner of Corporations of the State of California, for a permit to sell and/or issue to and/or among the foregoing persons only, and one other, forty thousand shares of the capital stock of this corporation, at par, either

(a) For cash, lawful money of the U. S., and/or

(b) Such amount thereof as may be necessary to pay, liquidate and discharge not to exceed the amount of the indebtedness to said persons, hereinbefore referred to, for principal and/or interest accrued on said notes to the time when said stock may be issued.

On December 20, 1929, the company filed such application, which was granted on December 26, 1929. The permit contained the following provision:

1. To issue to any or all of the persons named in its application filed on the 20th day of December, 1929, an aggregate of not to exceed 35,156 shares of its capital stock as consideration for the cancellation of the indebtedness of applicant to them, described in said application; $100.00 of such indebtedness to be canceled upon the issuance of each of said shares.

By its terms the permit expired December 26, 1931.

A table showing the stockholdings of the taxpayers and consideration therefor was incorporated in the stipulation.

On January 2, 1930, the petitioners surrendered their notes in exchange for the stock certificates issued by the company that day and the notes thereupon were canceled. The certificates were actually delivered in May 1930. The canceled notes each bear on the face a receipt signed by the respective former holder as follows: "January 2, 1930. The receipt of capital stock of Chandis Securities Company in full settlement of principal and accrued interest to December 31, 1929 is hereby acknowledged."

From 1924 to 1929 the company accrued interest on the above described notes at 5 percent per annum and deducted such interest on its income tax returns. The company kept its books and made its income tax returns on the accrual basis, while each petitioner kept his books and filed his returns on the cash receipts and disbursements basis. The individuals did not report any interest received in connection with the above notes.

The notes in question were in the custody of Horace Downing, secretary of the company, throughout the year 1929. The balance sheet of the company on December 31, 1929, lists the notes of the petitioners among its liabilities. The books of the company contain appropriate entries to show that the transactions were consummated

in 1930. It was stipulated that the value of the stock of the company was $60 per share at any time material to these proceedings.

If it be decided that the transaction of exchange was consummated in 1930, such determination disposes of the cases. There would be no need to consider the second issue. On the facts found above we are of the opinion that petitioners' contention that the exchange was made in 1930 is well taken.

The record discloses that on December 18, 1929, the petitioners, as owners of the above described notes issued on December 31, 1923, expressed their willingness to exchange them for stock in the company in proportion to the respective amounts of such notes and unpaid interest thereon. The company thereupon proceeded to apply for permission to issue the additional capital stock required to accomplish the exchange. Such a permit was a prerequisite to the contemplated exchange and an issuance without such permit would have been void. See section 12 of the Corporate Securities Act, California. On December 26, 1929, the commissioner of corporations issued his permit authorizing the company to issue to the taxpayers:

An aggregate of not to exceed 35,156 shares of its capital stock as consideration for the cancellation of the indebtedness of applicant to them, described in said application; $100.00 of such indebtedness to be cancelled upon the issuance of each of said shares.

The permit thus required that the exchange should involve simultaneous cancellation of the notes and issue of stock—that the cancellation and issuance were to coincide in time. The company had no right to issue and hence, the petitioners had no right to acquire, the new stock until the notes were surrendered and canceled. The acts were mutually dependent and the transaction which is asserted to be the source of income could not have been completed without both acts.

The record discloses that the petitioners' notes were surrendered and canceled on January 2, 1930, and the stock certificates were issued on that day or later in that month, but as of January 2, 1930. They were delivered in May 1930. In this situation we are of the opinion that the exchange took place in 1930 and that, therefore, the taxpayers could not have received any income from the exchange of their notes for stock before January 2, 1930. In support of this conclusion it appears that the company's books reflect the continued ownership of the notes by the petitioners through December 31, 1929, and the consummation of the exchange in 1930.

The conclusion reached above disposes of the cases and requires a finding for the petitioners. We need not inquire whether taxpayers received income in 1930 as a result of the exchange.

Reviewed by the Board.

*Decision will be entered under Rule 50.*