COMMISSIONER OF INTERNAL REVENUE v. CHANDLER.

No. 8262.

Circuit Court of Appeals, Ninth Circuit.

April 12, 1937.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, John G. Remey, and Francis I. Howley, Sp. Assts. to Atty. Gen., for petitioner.

A. Calder Mackay, of Los Angeles, Cal. (Thomas R. Dempsey and John T. Riley, both of Los Angeles, Cal., of counsel), for respondent.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal involves income taxes for the year 1929 upon an order of redetermination of July 26, 1935, pursuant to the provisions of the Revenue Act of 1926, ch. 27, 44 Stat. 9, 109, 110, §§ 1001–1003, as amended by section 1101 of the Revenue Act of 1932, ch. 209, 47 Stat. 169, 286.

The findings of the Board of Tax Appeals are conclusive if sustained by substantial evidence. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L. Ed. 1289; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; American Savings Bank & Trust Co. v. Burnet (C.C.A.9) 45 F.(2d) 548; Winnett v. Helvering, 68 F.(2d) 614, 615 (C.C.A.9), and Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282–287, 54 S.Ct. 692–694, 78 L.Ed. 1260.

The Board, supra, found that Harry Chandler in 1916 incorporated the Chandis Securities Corporation with a capital stock of 500 shares, $1,000 per share par value, in payment of which he transferred designated real and personal property. The stock was issued 200 shares to his wife, the respondent, and 280 shares to his children. Other properties were later transferred to the company in consideration for which the company issued its promissory note, which Chandler assigned to his wife and children in proportion to their stock holdings. No interest or principal was paid. On December 31, 1923, new notes for the principal and accrued interest were executed. The principal and interest of the new notes was due and payable December 31, 1929.

On October 14, 1929, by resolution of its Board of Directors, the corporation increased its capital stock to 50,000 shares of the par value of $100 per share. On December 18, 1929, said Board adopted a resolution containing recitals of its indebtedness to its stockholders in the aggregate principal sum of $2,640,598.21, evidenced by several promissory notes of the corporation, dated December 31, 1923, bearing interest at 5 per cent. per annum, compounded annually, on which no part had been paid, and recited the willingness of the said creditors, "and offer to accept stock" in the corporation at par value in full or part payment of their respective notes, together

with interest, subject to the approval of the Commissioner of Corporations of the state to issue to any and/or all of the said creditors in liquidation of the indebtedness, together with interest to the time of the issuance, full paid stock at its par value for the amount of the indebtedness so liquidated, and take and receive from the said creditors a cancellation and satisfaction of said notes to the extent that stock may be issued therefor, and it directed the president and secretary of the corporation to make application to the commissioner of corporations of the state of California for a permit to sell and/or issue to and/or among the creditors only, "and one other," 40,000 shares of the capital stock of said corporation, at par, either (a) for cash, lawful money of the United States, and/or (b) such amount thereof as may be necessary to pay, liquidate, and discharge not to exceed the amount of the indebtedness to such creditors.

On December 20, 1929, such application was made, and was granted on the 26th day of December, 1929. The permit contained the following provision:

1. "To issue to any or all of the persons named in its application filed on the 20th day of December, 1929, an aggregate of not to exceed 35,156 shares of its capital stock as consideration for the cancellation of the indebtedness of applicant to them, described in said application; $100.00 of such indebtedness to be canceled upon the issuance of each of said shares."

On January 2, 1930, the respondent surrendered and canceled her notes in exchange for the stock certificates to be issued by the corporation. The certificates were actually delivered in May, 1930.

From 1924 to 1929 the accrued interest on the named notes at 5 per cent. per annum was deducted on the corporation's income tax returns. The company kept its books and made its returns on the accrual basis, while each creditor kept his books and filed his returns on the cash receipt and disbursement basis. The corporation's books reflected the continued ownership of the notes by the respondent throughout December 31, 1929. The creditor did not report any interest received in connection with the above notes during 1929. The Board found that the exchange was made in 1930 and that the taxpayer respondent did not receive any income from the "ex-change of their notes for stock before January 2, 1930."

It is agreed at bar that the single issue is whether or not the respondent received the income in question in the year 1929, and the assignment of error presented to the court is as follows:

"The Board erred in failing and refusing to find and decide that the taxpayer received in the year 1929 from the Chandis Securities Company interest in the amount of $396,821.74."

 From no conceivable viewpoint does it appear to us that the involved transaction was consummated prior to 1930. The certificate of the state corporation commissioner was issued five days before the close of 1929. The respondent did not subscribe for stock nor cancel or surrender the securities, nor was stock issued to respondent in 1929. The facts here are clearly distinguished from Pacific National Bank v. Mary J. Eaton, 141 U.S. 227, 11 S.Ct. 984, 35 L.Ed. 702, but by analogy that case favors the respondent rather than petitioner.

The Board of Tax Appeals did not err in its finding and conclusion.

Affirmed.