## In re TAX LIABILITY OF PACIFIC MILLS FOR 1918 AND 1919.
### No. 5783.

District Court, D. Massachusetts.

Jan. 13, 1938.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe, Wm. B. Waldo, and M. Leo Looney, Jr., Sp. Assts. to the Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., for petitioner.

John T. Noonan and Alex J. McFarland (of Herrick, Smith, Donald & Farley) and O. Walker Taylor, all of Boston, Mass., for respondents.

SWEENEY, District Judge.

This matter is before me on the petition of Thomas Kenefick, who, having been appointed by the Commissioner of Internal Revenue for that purpose, seeks an order compelling the respondents to produce all books, papers, records, and memoranda in their possession, or under their control, bearing upon or relating to matters required to be included in the tax returns of the Pacific Mills for the years 1918 and 1919. The respondents have filed a motion to dismiss the petition, and an answer.

The facts are as follows: The Pacific Mills filed returns for the years 1918 and 1919, and paid taxes thereon. In 1922, the books of the Pacific Mills, hereinafter referred to as the respondent, were subjected to a lengthy examination by a revenue agent, and an additional tax was assessed against the respondent, which was paid in 1923. Thereafter, the respondent filed two claims for refund, and one claim for special relief with respect to the year 1918. On September 8, 1927, all these claims were rejected. Suit was then filed in the District Court against the Collector of Internal Revenue.

In its claim for refund the respondent contended that its wool inventories had been overpriced as of December, 1918, so that its gross inventory was greater than the facts warranted, and that this resulted in an overpayment of taxes for that year. In the suit which the Pacific Mills filed against Malcolm E. Nichols, D.C., 4 F. Supp. 738, former Collector of Internal Revenue for the District of Massachusetts, it alleged that its taxes for the year 1918 had been overpaid by reason of the overvaluation of its wool inventories. The respondent has filed an amendment to its answer in which it alleges that, with respect to the year 1918, the Pacific Mills inventories relating to cotton and cotton goods were undervalued; that the finished goods on hand and goods in process were inventoried below cost, although these products were for delivery upon firm sales contracts at fixed prices entered into before the date of the inventory, and other matters in which it substantially alleged an underpayment of tax by the Pacific Mills in matters other than wool.

The government now seeks to examine the books and records of the Pacific Mills for the purpose of proving this contention. The respondent denies that the Commissioner has the right to make an examination of its records, and says that since the Commissioner would be barred from assessing an additional tax by reason of the statute of limitations having run, in the absence of an allegation of fraud, he is not authorized by law to make the examination desired, and has cited cases in which the courts have held substantially that a taxpayer was freed from liability to produce its books after the three-year period of limitations had expired. 39 Stat. 772, § 14. See Farmers' & Mechanics' Nat. Bank v. United States, 3 Cir., 11 F.2d 348, and, also, G. C. M. 505 V-2 CB 208-9. These decisions have been based upon reasoning to the following effect: That since the statutory time limit for further assessment had expired, there could be no point in requiring a production of the books for further examination. In none of these cases does it appear that suit was pending against the United States for a recovery of taxes, or a portion of them, paid on the return made up from the books and records sought to be examined.

In this case examination of the records is sought some seventeen years after the filing of the return. This would clearly be beyond the statutory period during which an assessment might be made against the respondent. However, the Pacific Mills has filed in this court a suit for a refund of taxes for the same year. The respondent's contention, that the suit against the Collector, being in the nature of a personal suit, confers no right to invoke section 1104 of the Revenue Act of 1926, 26 U.S.C.A. § 1514, note, does not appear to be sound. It is my opinion that the Collector of Internal Revenue may reasonably anticipate that the United States will be called upon to pay any judgment secured against the Collector.

The real question seems to be whether the Commissioner, where a suit on a tax return has been filed, can examine the records of the taxpayer for the purpose of defending the suit, and whether section 1105 of the Revenue Act of 1926, 26 U.S.C.A. § 1521, bars him from making such inspection if an inspection had been made prior to the adjudication of the claim for refund. I am of the opinion that under the reasoning of Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293, the Commissioner has such a right, and is not barred by the fact that a prior examination has been made. In that case the court, quoting the Circuit Court of Appeals, stated that refunds were limited to overpayments, and that the ultimate question in any case was whether the taxpayer had overpaid his tax, and further stated that although the statute of limitations might intervene so that the Commissioner might not make an additional assessment, nevertheless, the taxpayer could not be entitled to a refund unless he had overpaid his tax. The court further stated: "While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

While it is true that this case involved a situation where the examination was to be made prior to the denial of the claim for refund, it would seem that in a case such as the present one, where suit has been filed upon one section of the income tax return, that a re-examination of the other matters questioned in the return should be had in order that complete justice will be done.

In this case the respondent seeks to recover under the theory that it overvalued its wool inventory. It may be true that it would be entitled to recover on such a claim. It does not, however, necessarily follow that it overpaid the tax for the year 1918, for if, as the government alleges, it undervalued other inventory it well may be that no actual overpayment was made, and, therefore, no refund would be permissible. I am satisfied that on the facts the government is entitled to the examination desired.

The respondents' motion to dismiss is denied. The respondents' requests for rulings of law are denied except in so far as they are consistent with the above.

The petitioner is entitled to an order in accordance with the prayer contained in its bill. The order, however, is to be limited to the inspection of such data as will reflect information on the 1918 return. Since there is no suit pending on the return for 1919, I am of the opinion that an inspection for the purpose of setting up a deficiency in the 1919 return would be fruitless since that matter has been completely adjusted.