**U. S. ALUMINUM SIDING CORPORATION, an Illinois corporation, Plaintiff,**

v.

**N. B. ESHLEMAN, Regional Commissioner of Internal Revenue, his Agents, Employees, and Subordinates, Defendants.**

**In the Matter of the Application for Enforcement of a Summons Issued by the Commissioner of Internal Revenue to ATLAS CONSTRUCTION COMPANY, Inc.**

**In the Matter of the Application for Enforcement of a Summons Issued by the Commissioner of Internal Revenue to U. S. ALUMINUM SIDING CORPORATION.**

**Nos. 57 C 2161, 58 C 1243, 58 C 1244.**

United States District Court
N. D. Illinois, E. D.
Dec. 12, 1958.

Cohen, Cohen & Fiffer, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendants.

SULLIVAN, Chief Judge.

These cases involve the refusal of taxpayers to respond to a subpoena issued by the Commissioner of Internal Revenue for the production of books and records.

The first question presented is: When the books and records of a taxpayer have once been examined by agents of the Treasury Department, what procedure is sufficient to require the taxpayers to present the books for reexamination (assuming that the income tax year in question is not barred by the Statute of Limitations)?

Sec. 7605(b) of Title 26 U.S.C. provides:

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year * * unless the Secretary (of the Treasury) or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary".

In the present case, the Secretary has notified the taxpayers in writing that a reexamination of the books is required. It is the position of the Government that under the statute this is all that is required and that with the service of this notice the duty of the taxpayer to respond is automatically established. The taxpayers on the other hand insist that they are entitled to a court hearing on the matter for the purpose of examining the agents of the Secretary so that the court can determine whether the reexamination of the books is necessary.

The solution to this conflict must be found not only in Section 7605(b) but in the sections related to it. Section 7602 gives the Secretary power to examine the books and records "which may be relevant or material to such inquiry" "for the purpose of ascertaining the correctness of any return * * * determining the liability of any person for any internal revenue tax". Section 7603 provides for the service of summons. Section 7604, in subparagraph (a), gives

jurisdiction to enforce the summons to the United States District Court and in subsection (b) provides:

"(b) Enforcement. Whenever any person summoned under section 7602 neglects or refuses to obey such summons * * * the Secretary or his delegate may apply to the judge of the district court * * * for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, *if satisfactory proof is made,* to issue an attachment * * * and upon his being brought before him to proceed to a hearing of the case * * *". (Italics added.)

Taking these sections together, we find that the Secretary is authorized to examine records which are relevant to a determination of tax liability. Further, he is forbidden to subject a taxpayer to an "unnecessary" examination of books but may make a reexamination when he finds "after investigation" that this additional inspection is "necessary".

The statute thus is far from giving the Secretary untrammeled discretion since it is limited by all the requirements just set forth. Pacific Mills v. Kenefick, 1 Cir., 1938, 99 F.2d 188, 189; First National Bank of Mobile v. United States, 5 Cir., 1947, 160 F.2d 532, 535. Since the Secretary's discretion is limited, whether or not it has been properly exercised must be judged by the court (see Sec. 7604(b) quoted above). The court is not required to give "approval as a rubber stamp upon the administrative subpoena without further investigation". Local 174 v. United States, 9 Cir., 1956, 240 F.2d 387, 391.

So that the court can determine whether the Secretary has acted within his powers as limited by the statute, some proof must be made. Although the proof required varies in each case (In re Foster, D.C.S.D.N.Y.1958, 159 F.Supp. 444), the government has the burden of showing the materiality and relevance of the proposed examination to the tax liability

(Boren v. Tucker, 9 Cir., 1956, 239 F.2d 767, 773; Martin v. Chandis Securities Co., D.C.S.D.Cal.1940, 33 F.Supp. 478, 480, affirmed 9 Cir., 128 F.2d 731).

■ Neither the written notice nor the affidavits filed (discussed below) meet this burden. A hearing is accordingly required to establish the necessity for reexamination.

The second question presented is: when the income tax years in question are barred by the Statute of Limitations, under what circumstances must the taxpayer produce the relevant records?

■ If the return was fraudulent, the tax may be assessed at any time regardless of the limitations. Sec. 6501(c) (1), Internal Revenue Code of 1954, 26 U.S.C.A. § 6501(c) (1). Counsel here agreed that if the government shows reasonable grounds for suspecting fraud, it may enforce its demand for the production of records. O'Connor v. O'Connell, 1 Cir., 1958, 253 F.2d 365. Counsel disagrees as to the kind of showing which the government must make as to its reasonable grounds for suspecting fraud.

An affidavit was filed with the petitions in two of these cases by a Special Agent of the Treasury Department explaining this "reasonable grounds for suspicion" of fraud. These are that brokers' commissions are the taxpayers' largest single expense deduction, and that:

> "I have learned, through correspondence from another Governmental agency, of unconfirmed information received by that agency to the effect that brokers doing business with the (taxpayer) had to acknowledge the receipt of larger commissions than were actually paid to them".

The government insists that the affidavit is a sufficient "showing" of a "reasonable" suspicion of fraud. Taxpayers, on the other hand, contend that a hearing should be held, at which the government will produce evidence and counsel will have an opportunity to cross-examine the witnesses. It is not strange that there should be disagreement on this point, since the relevant cases are not at all clear. Application of Carroll, 2 Cir., 1957, 246 F.2d 762, at page 765, for example, refers to "the apparent conflict between the cases dealing with what the tax authorities must show to warrant examination * * *". The opinion in that case reviews the conflicting authorities.

■ However, the only question here at the moment is whether the affidavits are a sufficient showing in themselves (as the government argues) or whether there should be a hearing on the question (as the taxpayers insist). On this point, the authorities are helpful. Whether they found the showing by the government adequate or not, they make it clear that the usual procedure is to hold a hearing on the question rather than to rely on affidavits (O'Connor v. O'Connell, 1 Cir., 1958, 253 F.2d 365; Peoples Deposit Bank & Trust Co. v. United States, 6 Cir., 1954, 212 F.2d 86, certiorari denied 348 U.S. 838, 75 S.Ct. 37, 99 L.Ed. 661; Martin v. Chandis Securities Co., 9 Cir., 1947, 128 F.2d 731; Boren v. Tucker, 9 Cir., 1956, 239 F.2d 767).

■■ That procedure will be followed in this case. A hearing is required because the affidavits, assuming their truth, are far short of establishing reasonable grounds for suspecting fraud. They refer to "another" government agency, and "unconfirmed information". This is not enough to convince the court that there is a "reasonable basis" for the agents' belief that fraud has been committed; and that is the requirement (O'Connor v. O'Connell, supra, 253 F.2d at page 369). All taxpayers are now asking is for a hearing; to this they are entitled.

Case No. 57 C 2161 is an action by taxpayers to quash service of summons. The government's motion to dismiss will be denied in Case No. 57 C 2161. Cases 58 C 1243 and 58 C 1244 are actions by the government to enforce compliance with summonses. As to these cases, although the government has included them in its briefs, no motions are pending and no orders will be entered.