## MILES v. UNITED FOUNDERS CORPORATION.

### No. 4107.

District Court, D. New Jersey.
March 10, 1933.

Harlan Besson, U. S. Atty., of Trenton, N. J., Walter B. Petry, Asst. U. S. Atty., of Trenton, N. J., and George R. Sherriff, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for plaintiff.

Pitney, Hardin & Skinner, of Newark, N. J. (Seibert & Riggs, of New York City, of counsel), for defendant.

AVIS, District Judge.

On September 14, 1932, Judge Forman, on application of James N. Connolly, internal revenue agent, under the provisions of the Revenue Act of 1928 (26 USCA § 2001 et seq.), ordered a summons against defendant, requiring it to produce before the revenue agent in charge for the District of New Jersey, at a date fixed in the order, and at a place specified, all books, papers, and other memoranda pertaining to the exchange of stock of American Founders Corporation (a Maryland corporation) for that of United Founders Corporation (a Maryland corporation).

The department claims that this exchange resulted in a taxable income having been received by the stockholders who made the exchange of stock, and the names of stockholders, together with amount of stock and method of exchange, should be divulged, so that proper assessments may be made against the persons whose income was increased, if not reported by them in their annual report.

In some instances stockholders reported the exchange, and whether such exchange created an additional income, as the court understands the situation, is still debatable and a subject of existing litigation.

The statute under which plaintiff claims the right to obtain the information desired reads as follows: "The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is hereby authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." 26 USCA § 1247.

The defendant contends that this statute does not give the government power or authority to engage in a "fishing expedition," and applies only when the name of the individual stock owner or taxpayer is known and disclosed.

No question is raised as to the right of the government to proceed in this class of cases.

We must interpret the statute as it reads, and I am convinced that under its terms it is the duty of a corporation, where any question arises as to the taxability of transfers or exchanges of stock, to disclose the names of the exchanging stockholders, so that the question of each stockholder's income may be adjusted and assessed if lawful to do so.

I am unable to construe the statute in the manner suggested by the defendant, and the result is that the motion to vacate the order of Judge Forman, requiring the defendant to produce its books, etc., for examination by government agents, is denied, and the order confirmed.