**MAYS, Internal Revenue Agent, v. DAVIS.**
**No. 2881.**

District Court, W. D. Pennsylvania.
Jan. 30, 1934.

Horatio S. Dumbauld, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., and E. Barrett Prettyman, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., for petitioner.

Maynard Teall, Ralph L. Kirkpatrick, and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

This case is now before us on the petition of plaintiff, an internal revenue agent, against the trust officer of the Union Trust Company of Pittsburgh, a trust company under the laws of Pennsylvania, to compel said trustee, which acts as fiduciary for many persons, to produce the books, papers, and records of said company, which discloses the following information for the taxable years 1931 and 1932: "The names and addresses of the beneficiaries of trusts created by will where the widow, a beneficiary, has elected to take under the will in lieu of her statutory rights and/or dower rights, and where the will provides for payment to her of income of the trust estate; and where income was paid to the widow for the taxable year(s) 1931 and/or 1932; and the name of each such trust."

Petitioner claims that such authority should be granted by virtue of section 618 of the Revenue Act of 1928 (26 USCA § 1247) which reads: "The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is hereby authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

Defendant denies the right of petitioner to have him furnish said information, as the same is of a private character and is not authorized under the act aforesaid.

The power of the court to make the order desired is limited as specified in said section 618 "for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made." I am of the opinion that the petition is not authorized by section 618; that to grant the prayer thereof would be to grant a mere explanatory search for information on the part of the petitioner, and that not being within the law that the petition should be refused. It might be added that the information desired can be procured from returns on file in the office of the collector of internal revenue at Pittsburgh.

Let an order be prepared and submitted in accordance with this opinion.