## In re McDONOUGH.

### No. 3974–Q.

District Court, D. Massachusetts.

Aug. 20, 1937.

Francis J. W. Ford, U. S. Atty., of Boston, Mass., for plaintiff.

John J. Walsh, Jr., of Boston, Mass., for M. McDonough.

BREWSTER, District Judge.

This is a motion to vacate a subpœna duces tecum issued upon the petition of a special agent of the Bureau of Internal Revenue engaged in the verification of the tax returns of the M. McDonough Company for the years 1935 and 1936. The treasurer of the company, M. McDonough, is ordered to attend before the special agent and bring with him a canceled check for $15,000 and certain books and documents pertaining to the payment of $10,000 charged on the books of the company to legal expenses. It must be conceded that this information is not needed to enable the agent to determine the tax liability of the company, for, if the item of $10,000 is disallowed as a deduction from gross income, the return for 1935 would still show a loss of over $100,000. The company has expressed a desire to waive the item. In this aspect of the case the information sought is immaterial, but it may be material in the verification of income tax returns of the person, or persons, receiving the payment.

The witness was summoned in accordance with the provisions of section 618 of the Revenue Act of 1928 (26 U.S.C.A. § 1514) to give testimony in the matter of the tax liability of the M. McDonough Company and others. The provisions of section 618 are as follows: "The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and

928

may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

■ The objection is raised that the witness is called upon to give testimony relative to the tax liability of some unknown person whose tax liability is not now the subject of an investigation by the Bureau, and that the statute does not authorize such a "fishing expedition." In my opinion this objection is not a valid one.

■■ Since 1917, the successive Revenue Acts have contained provisions requiring individuals and corporations to return for information payments made to another of salaries, compensations, remunerations, and emoluments, with the names of the recipients. The provisions obtaining in 1935 are found in the Revenue Act of 1934, § 147 (26 U.S.C.A. § 147). They apply to all payments of over $1,000 in any taxable year. The obvious purpose of these requirements was to enable the Commissioner of Internal Revenue to use this information in the examination of returns of persons other than the one making the return. The inquisitorial powers conferred by the section are not abused when they are being exercised in order to compel disclosures which the law commands.

■ That this court has jurisdiction to compel obedience cannot be doubted. Revenue Act 1928, § 617 (26 U.S.C.A. §§ 1523(a), 1698), carried forward in section 61 of the Revenue Acts of 1934 and 1936 (26 U.S.C.A. § 61 and note).

It would be limiting the scope of the statute too narrowly to hold that section 618 could be invoked only for the purpose of eliciting information respecting the liability of the McDonough Company. The language of the section is broad enough to cover returns for information of sums paid to others as compensation for services rendered. In other jurisdictions the courts have not adopted the restricted interpretation for which this witness contends. Miles v. United Founders Corp. (D.C.) 5 F.Supp. 413; In re International Corporation Co. (D.C.) 5 F.Supp. 608.

The motion to vacate is denied.