## McDONOUGH v. LAMBERT, Special Agent.

### No. 3309.

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

John J. Walsh, Jr., of Boston, Mass., for appellant.

Henry M. Leen, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order of the federal District Court for Massachusetts denying appellant's motion to vacate an order directing that a subpoena duces tecum issue, and to stay the subpoena if issued.

M. McDonough, the respondent, is treasurer of the M. McDonough Company, a Massachusetts corporation, George A. Lambert, the petitioner, is a Special Agent of the Bureau of Internal Revenue designated to investigate the income tax return of the M. McDonough Company for the fiscal year ending February 29, 1936.

It appears that, on July 13, 1937, Lambert, as Special Agent of the Bureau, served a summons duces tecum on M. McDonough, treasurer of the M. McDonough Company, requiring him to appear before the agent at a place and time designated, to give testimony in the matter of the tax liability of the M. McDonough Company and others for the years 1935 and 1936, and requiring him to bring a check No. 34375, dated December 24, 1935, issued by the M. McDonough Company for $15,000; a book entitled "Cash Payments 1935" of the M. McDonough Company; and all other papers, documents, etc., of the M. McDonough Company, pertaining to the payment of $10,-000 charged to legal expenses on the books of the corporation; that M. McDonough, the treasurer, refused to appear and testify, although the check in question was produced; that, thereafter, on July 24, 1937, Lambert, as Special Agent, filed a petition in the District Court, in which he set forth that he was "a Special Agent in the United States Bureau of Internal Revenue; that on the thirteenth day of July, in the year nineteen hundred and thirty-seven, in accordance with the provisions of section 1104 of the Revenue Act of 1926, as amended by section 618 of the Revenue Act of 1928 [26 U.S.C.A. § 1514], he did issue a summons to M. McDonough, * * * whereby the said M. McDonough was summoned and required to appear before the said George A. Lambert, at Room 1805, Federal Building, Boston, Massachusetts, on the thirteenth day of July, in the year nineteen hundred and thirty-seven, at eleven o'clock in the forenoon, to give testimony in the matter of a tax liability of the M. McDonough Company, a Massachusetts corporation with offices at 821 Broadway, Saugus, Massachusetts, and others of Massachusetts, for the years 1935 and 1936; and the said M. McDonough was directed to bring with him check No. 34375 dated December 24, 1935, issued by M. McDonough Company for fifteen thousand (15,000) dollars; book entitled 'Cash Payments 1935' of M. McDonough Company, and all other papers, documents, etc., of M. McDonough Company pertaining to the payment of ten thousand (10,000) dollars charged to legal expenses on the books of the corporation." It was further alleged in the petition that the summons was duly served early in the forenoon of the 13th of July, 1937, but said M. McDonough neglected to comply with the summons "and has refused and still refuses to appear and testify and to produce the documents as therein mentioned."

This petition was allowed on July 27, 1937, at which time the court ordered that a subpoena duces tecum issue. On July 28, 1937, a subpoena duces tecum issued, directed to the marshal of the District, wherein it was stated:

"You are hereby required to summon M. McDonough, of Saugus, Massachusetts, if he may be found in your District, to appear before George A. Lambert, special agent in the United States Bureau of Internal Revenue, at Room 1805, Federal Building, Boston, Massachusetts, forthwith, in his proper person to give testimony in the mat-

ter of a tax liability of the M. McDonough Company, a Massachusetts corporation with offices at 821 Broadway, Saugus, Massachusetts, and others of Massachusetts, for the years 1935 and 1936; and warn the said witness to bring with him check No. 34375 dated December 24, 1935, issued by M. McDonough Company for fifteen thousand dollars ($15,000); book entitled 'Cash Payments 1935' of M. McDonough Company, and all other papers, documents, etc., of M. McDonough Company, pertaining to the payment of ten thousand (10,000) dollars charged to legal expenses on the books of the corporation; that for default and non-appearance he will have to abide the pains and penalties of the law in that behalf made and provided."

This subpoena was duly served on the 29th day of July, 1937.

On July 28, 1937, the respondent filed a motion to vacate the order of July 27, 1937, and suspend the subpoena issued July 28, 1937, assigning the following reasons, among others:

"3. That the request for the attendance of said M. McDonough and the production of the said records is not for the purpose of ascertaining the correctness or verifying the return of M. McDonough Company for the taxable year 1935.

"4. That the United States Government has issued a tax waiver showing that the said M. McDonough Company was not liable for any tax for the taxable year 1935.

"5. That the above mentioned records and evidence pertaining thereto is immaterial for the purpose of ascertaining the correctness of the return of M. McDonough Company for the taxable year 1935, or for the purpose of verifying the same."

Upon this motion a hearing was had before the District Court on August 10, 1937, at which time the check in question dated December 24, 1935, the book entitled "Cash Payments 1935," and other papers of the M. McDonough Company pertaining to the payment of the $10,000 were produced, and Lambert, the Special Agent, was sworn as a witness and testified, "that, on July 1, 1937, he proceeded to verify the income tax return of M. McDonough Company for the taxable year 1935; that it was his purpose, among other things, to verify the said income tax return; that the return appeared to be non-taxable by $126,682.26; that an examination of the cash book of M. Mc-

Donough Company disclosed that on December 24, 1935, check No. 34375 in the amount of $15,000, payable to cash, was issued by the M. McDonough Company, $5,000 of which was charged to the notes payable account and $10,000 to legal expenses; that he, the witness, was satisfied that $5,000 of the proceeds of that check was used to take up a legitimate note; that his only concern now is with the balance, namely $10,000, and that the sole purpose of the summons and subpoena was to determine to whom the aforesaid $10,000 was paid; that it would not affect the tax liability of the M. McDonough Company whether the item of $10,000 was disallowed or not."

On August 20, 1937, the District Court entered an order denying the motion to vacate the order of July 27, 1937, and to suspend the subpoena duces tecum, and filed an opinion in which, as to the information here sought to be obtained relating to the person to whom the $10,000 was paid by the M. McDonough Company, the court found:

"It must be conceded that this information is not needed to enable the agent to determine the tax liability of the company, for, if the item of $10,000 is disallowed as a deduction from gross income, the return for 1935 would still show a loss of over $100,000. The company has expressed a desire to waive the item. In this aspect of the case the information sought is immaterial, but it may be material in the verification of income tax returns of the person, or persons, receiving the payment."

But notwithstanding this finding and ruling the court held that the provisions of section 618 of the Revenue Act of 1928, section 1514, title 26 U.S.C., 26 U.S.C.A. § 1514, in force in 1935, should be broadly construed and, so construed, the petitioner-agent was entitled to the information although it was immaterial in determining the tax liability of the company, as it may be material in the verification of the income tax return of the person or persons receiving the payment. Section 618 of the Revenue Act of 1928, section 1514, title 26 U.S.C., 26 U.S.C.A. § 1514, reads as follows:

"The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, desig-

nated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

We do not think the provisions of this section can be given such a broad construction; that by its terms it is more limited in scope and confined to the procurement of evidence, oral or documentary, bearing upon matters required by law to be included in a given tax return to determine the correct tax liability of the person who made the return or who failed to make one, and was not intended to authorize the procurement of evidence that might be material in verification of the tax return of some other person, not known to the Bureau of Internal Revenue, and who may or may not have made a return; and that it is unnecessary to give such a broad construction to the provisions of the section, for the government, through its officers, by making use of other statutory provisions, may acquire the information here sought and which, according to the testimony of Agent Lambert it was the sole purpose of the summons to obtain, namely, to determine "to whom the aforesaid $10,000 was paid," which has no bearing upon matters required by law to be included in the tax return of the M. McDonough Company and is wholly immaterial to a determination of its tax liability.

In our opinion the real trouble encountered by Agent Lambert is due to his failure to make use of existing statutory provisions authorizing the acquisition of information of the character here sought to be obtained. Section 147(a) of the Internal Revenue Act of 1934, c. 277, 48 Stat. 726, section 147(a), title 26 U.S.C., 26 U.S.C.A. § 147(a), relates to the obtaining of information at the source and provides, so far as here material, as follows:

."§ 147. Information at source.

"(a) Payments of $1,000 or more. All persons, in whatever capacity acting, * * * making payment to another person, of interest, rent, salaries, wages, premiums, annuities, compensations, remunera-

tions, emoluments, * * * of $1,000 or more in any taxable year * * * shall render a true and accurate return. to the Commissioner, under such regulations and in such form and manner and to such extent as may be prescribed by him with the approval of the Secretary, setting forth ·the amount of such gains, profits, and income, and the name and address of the recipient of such payment."

This statute requires every person making payments to another person of wages or compensations to render a true and accurate return of them to the Commissioner and to set forth in addition to the amount paid "the name and address of the recipient of such payment." If such information is not given on form 1099 provided by the Treasury Department and in compliance with section 147(a), the Commissioner or his Special Agent may demand that he do so, and, if he refuses, issue a summons requiring him to appear before him and give such testimony, sections 1515, 1544, title 26 U.S. C., 26 U.S.C.A. §§ 1515, 1544, and if he refuses to appear and give the information in answer to the summons, the Commissioner or agent may petition the District Court, under the provisions of section 1523(a), title 26 U.S.C., 26 U.S.C.A. § 1523(a), chapter 852, section 617(a), 45 Stat. 877, setting forth that he has summoned the taxpayer to testify as to who was the recipient of the payment, his refusal to appear and do so, with a request that process issue and he be required to appear before the Commissioner or Special Agent to give such testimony.

Section 1523(a), title 26 U.S.C., 26 U. S.C.A. § 1523(a) provides:

"If any person is summoned under the internal-revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

The information as to whom the payment was made having been obtained, the Commissioner or the agent may then ascertain from the records of the Bureau whether that person has made a tax return, and if further information is desired in regard to the return made or for making a return, where none has been made, the Commissioner or the Special Agent may issue a summons under the provisions of section 1514, title 26 U.S.C., 26 U.S.C.A. § 1514,

requiring the production of such evidence, oral or documentary, and, if it is not produced, petition the court for the issuance of a subpoena under section 1514, title 26 U.S.C., 26 U.S.C.A. § 1514. By adopting this method of procedure each section of the statutes will fulfill its function and, at the same time, the government will obtain the necessary information for an efficient enforcement of its revenue laws.

The order of the District Court of August 20, 1937, is vacated, and the case is remanded to that court, with directions to vacate its order of July 27, 1937, directing the subpoena duces tecum to issue.