**MARTIN, Internal Revenue Agent v. CHAN-DIS SECURITIES CO. et. al.**

**No. M-4-Misc.**

District Court, S. D. California, Central Division.

June 10, 1940.

**479**

Ben Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole and Samuel Taylor, Sp. Attys., Bureau of Internal Revenue, all of Los Angeles, Cal., for petitioner.

Cosgrove & O'Neil, F. B. Yoakum, Jr., and A. Calder Mackay, all of Los Angeles, Cal., for respondents.

YANKWICH, District Judge.

On March 5, 1940, the petitioner, George D. Martin, as Internal Revenue Agent, in charge of the Sixth Internal Revenue District of California, filed a petition for production of records, under Section 3614 of 26 U.S.C.A.Internal Revenue Code.

The petition recited these facts:

Chandis Securities Corporation is a California corporation. E. H. Downing is its Assistant Secretary in charge of its records. Marian Otis Chandler is the Secretary of the Corporation and the maker of an individual federal income tax return for the year 1930, which is under investigation.

The Respondents have in their custody records bearing upon matters required to be included in Marian' Otis Chandler's tax return for the year 1930.

On November 30, 1939, the petitioner served a summons upon the respondents requiring them to appear before him on the 11th day of December, 1939, to give testimony relating to the tax liability of Marian Otis Chandler for the named year and to bring with them the following papers: "Records of Chandis Securities Company for the years 1916 to 1930, inclusive, as follows: Minute Books; capital stock certificate books, ledgers and journals; all accounting books and records including general ledgers, journals, cash books, auxiliary registers and ledgers, together with all vouchers, correspondence and other written data supporting the original entries in said accounting books; all promissory notes of Chandis Securities Company issued, assigned, endorsed, or otherwise transferred during said years to Marian Otis Chandler, Franceska Chandler Kirkpatrick, May Chandler Goodan, Helen Chandler, Philip Chandler, Ruth Chandler Williamson, Harrison Gray Chandler, Constance Chandler, and Norman Chandler which have been paid or otherwise cancelled."

The summons was delivered to the Respondents who refused to answer the same.

The affidavits filed in the case show that the particular transaction which the Government claimed should have been included is interest "in excess of $650,000.00", which the Government charges was received. In reality, as appears from the record, the amount involved was principle and interest in the sum of $661,369.56, accrued on certain promissory notes of the Corporation held by Marian Otis Chandler, which were cancelled in 1930, Mrs. Chandler receiving stock of Chandis Securities Corporation in that amount.

Upon this petition, an order for production of all the records called for in the summons was issued on March 5, 1940.

On March 19, 1940, the respondents moved to quash the order.

Elaborate oral arguments and briefs have been presented upon this motion. I shall not review them in detail.

However, because of the nature of the proceeding, and as a guide to counsel in possible future proceedings in the matter, I state my conclusions.

The petition and affidavits do not charge fraud on the part of Marian Otis Chandler.

The petition and affidavits do not state facts showing "reasonable grounds of suspicion or probable cause for the examination to ascertain if there has been fraud" (In re Andrews' Tax Liability, D.C., 18 F. Supp. 804, 805, 807) on her part.

Neither the affidavit of Agent Warner E. Williams, filed May 10, 1940, nor the affidavit of Agent Charles W. Donnally, filed May 3, 1940, nor the affidavits and exhibits filed with the petition allege facts sufficient to show grounds of suspicion or of probable cause for fraud.

The gist of the charge is that one of the agents was informed by the tax agent of Marian Otis Chandler on September 15, 1931, that the promissory notes had been cancelled in 1929 and that he relied on this statement. This is denied by the tax agent.

Assuming the truth of the statement, there is no allegation that it was made fraudulently or with intent to conceal any facts or to deceive the government into inaction beyond the period of limitation.

■ If it was a mere mistake, it could not amount to fraud or give rise to suspicion of fraud. See Southern Development Company v. Silva, 1888, 125 U.S. 247, 250, 8 S.Ct. 881, 31 L.Ed. 678; Readinger v. Rorick, 6 Cir., 1937, 92 F.2d 140, 145; Roosevelt v. Missouri Life Insurance Co., 8 Cir., 1935, 78 F.2d 752, 757.

The petition and affidavits do not show the need for an examination of *all the fiscal records of the corporation* for the years 1916 to 1930, when the only issue involved is the tax liability of one of its stockholders, Marian Otis Chandler, for the year 1930, by reason of a single transaction, *long known to the Government* and to the agents of the Bureau of Internal Revenue.

There is no showing that such records, *over this long period of years,* "bear upon the matters required to be included in the return" (26 U.S.C.A.Internal Revenue Code, Sec. 3614) of Marian Otis Chandler for the year 1930.

■ *The agents are not the sole judges* as to the scope of the examination.

They must satisfy the Court that what they seek may be *actually needed.* Otherwise, they would be assuming inquisitorial powers beyond the scope of the statute.

The grounds just given embody the principles governing cases of this character. McDonough v. Lambert, 1 Cir., 1938, 94 F.2d 838, 841; McMann v. Securities & Exchange Comm., 2 Cir., 1937, 87 F.2d 377, 379, 109 A.L.R. 1445; Newfield v. Ryan, 5 Cir., 1937, 91 F.2d 700, 703; Zimmermann v. Wilson, 3 Cir., 1939, 105 F.2d 583, 585; In re Keegan, D.C.N.Y., 1937, 18 F.Supp. 746; In re Andrews Tax Liability, D.C. Md., 1937, 18 F.Supp. 804, 807; see also, Miles v. United Founders Corp., D.C.N.J., 1933, 5 F.Supp. 413, 414, *involving an exchange of stock,* where the order was *properly* limited to "all books, papers, and other memoranda *pertaining to the exchange of stock* of American Founders Corporation (a Maryland corporation) for that of United Founders Corporation (a Maryland corporation)." (Italics added.)

The fact that the corporation is a "family corporation" does not subject it to different rules.

Its existence as a legal entity over a long period of years is not challenged. Nor is it charged that it was organized fraudulently or for the purpose of tax evasion.

■ For the foregoing reasons, the Motion of the Respondents to quash the order for production of records is hereby granted. The order is quashed and annulled without prejudice, however, to a new application upon a new petition and a proper showing limited in point of time and "to matters required to be included in the return" of Marian Otis Chandler, with special reference to the particular transaction which is under investigation.