**FIRST NAT. BANK OF MOBILE et al. v.
UNITED STATES.**

No. 11757.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1947.

Rehearing Denied March 28, 1947.

Chas. C. Hand and Charles B. Arendall, Jr., both of Mobile, Ala., for appellants.

Muriel S. Paul, Sewall Key, and A. F. Prescott, Sp. Assts. to the Atty. Gen., Douglas W. McGregor, Asst. Atty. Gen., and Albert J. Tully, U. S. Atty., of Mobile, Ala., for the United States.

Before McCORD, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

26 U.S.C.A. Int.Rev.Code, § 3614, contains the following provisions that are pertinent to this case: "§ 3614. Examination of books and witnesses.

"(a) To determine liability of the taxpayer. The Commissioner, for the purpose of ascertaining *the correctness of any return* or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda *bearing upon the matters required to be included in the return,* and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the *matter required by law to be included in such return,* with power to administer oaths to such person or persons." (Emphasis added.)

Upon petition of an agent of the Commissioner of Internal Revenue, and purportedly in pursuance of the foregoing provision of the statute, the Court below made an order directing John D. Terrell, Vice-President and Cashier of the Bank, to appear before the revenue agent at a day named "then and there to testify in the matter of the tax liability of Gulf Coast Tobacco Company, Joseph Mitchell, Rebecca F. Mitchell, Samuel J. Ripps and Anne M. Ripps, for the years 1940 to 1945, inclusive, and then and there to produce for inspection and examination by the duly authorized agents and employees of the Bureau of Internal Revenue any and all books, papers and records of whatever nature, *irrespective of whether such records also pertain to similar transactions with other persons or firms during the said years 1940 to 1945,* inclusive, which pertain to or reflect the issuance of cashier's checks, bills of exchange, certificates of deposit, drafts or checks on other banks, in order that said agents of the Bureau of Internal Revenue may select therefrom such items and transactions to and for the firm or to and for any of the individuals hereinabove named as they deem relevant and pertinent to the tax liability of the above named firm and individuals."[1] (Emphasis added.)

We think the order is broader than the statute in that it requires the bank to produce for inspection and examination by the revenue agent "any and all books, papers and records of whatever nature, irrespective of whether such records also pertain to similar transactions with *other persons or firms* during the said years 1940 to 1945, inclusive," whereas the statute authorizes the examination of books, papers, etc., bearing upon the "matters required to be included in the return" and to take testimony of other persons with reference to the "matter required by law to be included in such return, * * *".

We do not think that the statute is broad enough to require the Bank to produce for inspection and run on its Recordak machine over six million items involving transactions for a period of five years unless the records to be exhibited bear upon the matters required to be included in the return of the parties named in the petition whose tax matters are being investigated. A third party should not be called upon to produce records and give evidence under the statute unless such records and evidence are relevant to, or bear upon, the matter being investigated, which, in this case, was the income tax return of Gulf Coast Tobacco Company, Joseph

---

[1] For a full statement of the case see the able and exhaustive opinion of the Court below, D.C., 67 F.Supp. 616, 618.

Mitchell, Rebecca F. Mitchell, Samuel J. Ripps, and Anne M. Ripps.

■ The order appealed from is hereby amended by striking out the following language: "irrespective of whether such records also pertain to similar transactions with other persons or firms during the said years 1940 to 1945, inclusive, which pertain to or reflect the issuance of cashier's checks, bills of exchange, certificates of deposit, drafts or checks on other banks, in order that said agents of the Bureau of Internal Revenue may select therefrom such items and transactions to and for the firm or to and for any of the individuals hereinabove named as they deem relevant and pertinent to the tax liability of the above named firm and individuals." and inserting in lieu thereof the following: "which pertain to or reflect the issuance of cashier's checks, bills of exchange, certificates of deposit, drafts or checks on other banks, during the years 1940 to 1945, inclusive, which bear upon, or have reference to, the federal tax liability of the above-named firm and individuals, and to allow the agents of the Bureau of Internal Revenue of the United States to select from such documents such items and transactions to and for the firm or to and for any of the individuals above named as they deem relevant and pertinent to the tax liability of the above-named firm and individuals."

The order of the Court below, as herein modified and amended, is

Affirmed.

## On Petition for Rehearing.

■■ Before an agent of the Bureau of Internal Revenue is entitled, under § 3614 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3614, to have a court require a third party to produce records, the agent must specify with sufficient precision for their identification the documents desired to be inspected. His demands must be within the scope of the statute. He must also allege that such documents "bear upon the matters required to be included in the return" in question. His demands will not be complied with if they are too general, too wanting in specification, as to indicate that they are merely exploratory fishing expeditions. He is not entitled in this case to have

the Bank produce all its records merely in order for him to go through them for the purpose of ascertaining whether or not the Bank possesses *any* records which may or may not be relevant to the tax returns under investigation. He may first obtain information as to what papers or documents are within the Bank's possession relevant to the inquiry by interrogating, under oath, an appropriate officer of the Bank. Upon a satisfactory showing by the agent that certain pertinent records or documents have a bearing upon matters required to be included in the return under investigation, the Bank would be required to produce them for the inspection of the agent, whereupon the agent would determine for himself whether or not they were relevant to his needs and take copies thereof if he so desired.

Should the Bank decline to supply documents upon demand by the agent, the Court would compel compliance upon the showing that the documents demanded bear upon matters required to be included in the return of the party under investigation. But it is wholly unreasonable to require a large bank to produce its records, checks, drafts, etc., for a period of six years for an examination by the agent merely in order for him to find out whether or not any of the Bank's records bear upon the questioned returns of certain named parties. The statute gives him only the right to examine books, papers, records, or memoranda that "bear upon the matters required to be included within the return" and does not permit of a fishing expedition into the affairs of all the customers of the bank. The courts will, however, readily require the production of relevant evidence, and will afford the Government the privilege of determining which of such records it desires to use, provided the records sought are shown to be relevant and pertinent to the inquiry at hand.

Neither the revenue agent nor the Court has authority under the statute to require the production of memoranda, books, etc., of third parties unless they have a bearing upon the return or returns under investigation.

In Martin, Internal Revenue Agent, v. Chandis Securities Co., D. C., 33 F.Supp. 478, 480, the Court, in discussing § 3614, I.R.C., said:

"The agents are not the sole judges as to the scope of the examination.

"They must satisfy the Court that what they seek may be actually needed. Otherwise, they would be assuming inquisitorial powers beyond the scope of the statute."

The foregoing case was affirmed by the 9th Circuit in Martin, Internal Revenue Agent, v. Chandis Securities Co., 128 F.2d 731. The sixth and ninth headnotes of the decision are as follows, respectively:

"The rights of an internal revenue agent to require production of papers and records for examination are statutory, and in order to obtain the relief granted by statute, he must bring himself within the terms thereof. 26 U.S.C.A.Int.Rev.Code, §§ 3614 (a), 3615 (a), 3631, 3633."

"Under statute providing that no taxpayer shall be subjected to unnecessary examination or investigation, Bureau of Internal Revenue has no power to make an unnecessary examination or investigation of the books of a third person. 26 U.S.C.A. Int.Rev.Code, § 3631."

In McDonough v. Lambert, Special Agent, 94 F.2d 838, the First Circuit considered § 3614. Since the first headnote accurately and concisely states the Court's conclusion, we quote it:

"The statute authorizing the Commissioner of Internal Revenue for the purpose of ascertaining the correctness of any return, by any officer or employee designated by him, to examine books, papers, records, or memoranda, and require the attendance of the person rendering the return or any officer or employee, is confined to the procurement of evidence bearing upon matters required to be included in a given tax return to determine the correct tax liability of the person who made the return or failed to make one, and does not authorize the procurement of evidence that may be material in verification of the tax return of some other person. Revenue Act 1928, § 618, 26 U.S.C.A. § 1514 [26 U.S.C.A.Int.Rev.Code, § 3614 (a)]."

The statute (§ 3631, I.R.C., 26 U.S.C.A. Int.Rev.Code, § 3631) even limits the examination of the *taxpayer's* books to only such examinations as are necessary.

We do not mean that the revenue agent must be able to describe in minute detail every document and paper that he wishes to inspect, but he must be able to describe them with such reasonable particularity [1] that the officers of the Bank will have sufficient information to enable them to produce such records for the inspection of the revenue agent.

This Court does not intend to hold that the Bank could not be required to produce records, that have been reasonably designated and identified, of transactions between other persons or firms and the taxpayers whose returns are under investigation. But the Bank cannot be required to produce B's accounts in an investigation of A's tax returns unless it be alleged that B's account, checks, etc., bear upon the correctness of A's return or upon matters that should have been included in A's return.

After having thus undertaken to amplify the views expressed in our former opinion, we think that the petition for rehearing should be, and the same is hereby,

Denied.

---

[1] The term "reasonable particularity", as used to denote the specificity with which the documents demanded ought to be described, seems to harmonize with expressions used in the same sense in the following cases:

Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 542, 55 L.Ed. 771, Ann. Cas.1912D, 558: "suitably specific and properly limited in its scope".

Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 162, 57 L.Ed. 309: "[not] to broad as to be objectionable".

Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 290, 72 L.Ed. 500: "It (the subpoena duces tecum) specifies a reasonable period of time, and with reasonable particularity the subjects to which the documents called for relate."
—Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 380, 50 L.Ed. 652: "The subpoena duces tecum is far too sweeping in its terms to be regarded as reasonable."

Newfield v. Ryan, 5 Cir., 91 F.2d 700, 702: "not unduly indefinite".

Consolidated Rendering Co. v. State of Vermont, 207 U.S. 541, 28 S.Ct. 178, 182, 52 L.Ed. 327, 12 Ann.Cas. 658: "described with reasonable detail".

536

McCORD, Circuit Judge (concurring).

I concurred in the original opinion, and I now concur in the opinion on rehearing. However, I express this further view: While it is true that the agent may not go on a fishing expedition and examine accounts and transactions in the bank other than those pertinent to the investigation, I think that where accounts are commingled and transactions of other persons appear on the same page or are mixed with those of the person or persons under investigation, view of such records should not be denied to the agent simply because other unrelated accounts and transactions may inescapably appear. Certainly, the agent may not look at and examine the separate, unrelated accounts and transactions of other persons not involved in the investigation at hand, but if the pertinent accounts and transactions and the accounts and transactions of other persons are in fact commingled and mixed, he should be able to examine the records for he, and not the bank, is charged with the duty and responsibility of making the investigation.