**Application of Albert MYERS to Quash Summons Issued to Him by the Internal Revenue Service in Connection with the Tax Liability of Nathan Sherman and to Vacate the Service in Connection with the Tax Liability of Nathan Sherman and to Vacate the Service Thereof.**

**Misc. No. 2380.**

United States District Court
E. D. Pennsylvania.
Feb. 28, 1962.

Martin Heller, of Maximillian J. Klinger, Philadelphia, Pa., for applicant.

Carl Melone, Asst. U. S. Atty., Philadelphia, Pa., for the Government.

FREEDMAN, District Judge.

A Special Agent of the Internal Revenue Service of the United States Treasury Department summoned Albert Myers to appear before him at a hearing for the purpose of taking his testimony relating to an alleged tax liability of Nathan Sherman. The summons was issued by the Special Agent under Section 7602 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 7602). The hearing was scheduled for February 28, 1962, at 10:00 A.M., in Room 1200, Gimbel Building, Philadelphia. By agreement of the parties the hearing was postponed to March 2, 1962, at 2:00 P.M.

Myers filed an Application to quash the summons and to vacate the service thereof to which he has now added an Amended Application. Since the Application to quash could not be heard and decided prior to the date of the hearing before the Special Agent, Myers has moved for a temporary stay of the Special Agent's hearing pending the decision on the Application to quash and vacate.

Notice has been given to the Government of the motion for a temporary stay and both sides have been heard.

It is clear that the purpose underlying the Special Agent's summons is to obtain information from Myers in aid of the Government's criminal trial of the indictment against Sherman, which is scheduled for Monday, March 5, 1962. Whatever action the Court will take now is likely for all practical purposes to constitute the ultimate decision. For if the motion is granted, it is unlikely that the Government will press for Myers' appearance after the trial of Sherman has been held; and if the motion is denied, the case will be moot when the time for final decision arrives.

 In these circumstances we have carefully considered the motion as one which has the significance of finality rather than the simple maintenance of the status quo pending a future decision. We believe the Government's purpose, openly avowed, is contrary to our fundamental and deep-seated conceptions of fair play. See United States v. O'Connor, 118 F.Supp. 248 (D.C.Mass.1953). It aims to circumvent the policy of the Federal Rules of Criminal Procedure which deny the Government the advantage of pre-trial discovery. Surely the United States should set the example of law observance. It should not oppress a defendant who stands accused of a crime and whose liberty is at stake or his prospective witness by invoking in aid of a criminal charge the processes which Congress has authorized for the administration of the revenue laws. The Court will not permit evasion of the traditional procedure in criminal trials embodied in the Federal Rules of Criminal Procedure by resort to the great administrative powers in aid of the revenue laws which are granted by Section 7602 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 7602). Such purpose of evasion clearly appears where, as here, the end sought is not the proper administration of the revenue laws but rather support for the charge against a defendant who is awaiting trial.

Accordingly we enter the following

214

## ORDER

AND NOW, February 28, 1962, the hearing pursuant to the summons issued by the Special Agent of the Internal Revenue Service of the United States Treasury Department directed to Albert Myers for the purpose of taking his testimony relating to the alleged tax liability of Nathan Sherman, is hereby preliminarily stayed and enjoined pending the final disposition of the Application, as amended, of Albert Myers to quash the summons and vacate the service thereof.