Paul W. TILLOTSON, Special Agent,
Internal Revenue Service,
Petitioner,

v.

Jackson L. BOUGHNER, Respondent.

No. 63 C 1522.

United States District Court
N. D. Illinois, E. D.

Dec. 16, 1963.

James P. O'Brien, U. S. Atty., Chicago, Ill., Robert A. Maloney, Trial Attorney, Department of Justice, Washington, D. C., for petitioner.

William A. Barnett, Crowley, Barnett & Goschi, Chicago, Ill., for respondent.

WILL, District Judge.

In October, 1962, petitioner Paul W. Tillotson, a Special Agent of the Internal Revenue Service, issued a summons which purported to be authorized by § 7602 of the Internal Revenue Code of 1954, 26 U.S.C. This summons directed respondent Jackson L. Boughner to testify with respect to the tax liability of the taxpayer whose identity has been withheld from petitioner and on whose behalf respondent delivered a cashier's check to the District Director of Internal Revenue in Chicago. The check, dated July 27, 1961, and payable to Internal Revenue Service in the amount of $215,499.95, was drawn on the La Salle National Bank, Chicago. Accompanying the check was a letter signed by respondent which read as follows:

"There is enclosed a cashier's check of La Salle National Bank dated July 27, 1961, payable to Internal Revenue Service in the amount of $215,499.95.

"This represents additional amounts due from a taxpayer for some past years. The name of the taxpayer has not been disclosed to me. However, I am informed that the aggregate additional amount, together with interest computed to August 1, 1961, is the amount of the check, $215,499.95.

"No investigation of any kind is now in process by the Internal Revenue Service. There seems to be no reason to believe that one will be promulgated in the future. However, the attorney representing this taxpayer concluded that there were additional taxes due the United

States and recommended to his clients that payment be made. The amount transmitted may be deposited in the Deposit Fund Account of the Treasurer of the United States or in such other account as may be appropriate for unidentified collections."

The summons was returnable at a time and place certain. By agreement, respondent's appearance pursuant thereto was continued to a later date at which time he was present but, through his counsel, refused to answer all questions put to him on the ground that the summons was invalid. The hearing was adjourned and was resumed several months later when respondent again appeared and again refused to answer questions pertaining to the subject matter of the summons. This second hearing was terminated and the instant petition filed some months thereafter. The Court has jurisdiction to hear and decide the merits here involved. 26 U.S.C. § 7604.

In his answer to the petition, respondent denied that the summons was issued pursuant to authority granted to the Commissioner by § 7602. He further denied that the summons was served upon him lawfully in accordance with § 7603 of the Code. At the hearing held in September of this year, however, respondent withdrew his objection to the manner in which the summons was served but reiterated his contention that the summons was issued without statutory authority. In particular, he claims that § 7602 does not authorize the issuance of a summons to obtain information with respect to a taxpayer whose identity is unknown either to the Commissioner or to the party served. He also argues that even if § 7602 authorizes the issuance of such a summons, a Special Agent is not authorized to issue it. These are the only issues presented to the Court.

That portion of § 7602 which is here relevant provides the following:

"*For the purpose of* ascertaining the correctness of any return, making a return where none has been made, *determining the liability of any person for any internal revenue tax* or * * * the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

* * *

"(2) *To summon* the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or *any other person the Secretary or his delegate may deem proper,* to appear before the Secretary or his delegate at a time and place named in the summons * * * and to give such testimony, under oath, as may be relevant or material to such inquiry; * * *." Emphasis supplied.

■ Respondent's first contention, that § 7602 does not authorize the issuance of a summons to inquire into the tax liability of a taxpayer whose identity has been concealed, is clearly erroneous. The statute explicitly authorizes an inquiry into the tax liability of *any person* for *any internal revenue tax.* Nowhere is it provided that the identity of such a taxpayer must be known to the Commissioner before he is authorized to issue a summons.

■ Respondent cites several cases, including McDonough v. Lambert, 94 F. 2d 838 (1st Cir. 1938); Mays v. Davis, 7 F.Supp. 596 (W.D.Pa.1934); and In re International Corp. Co., 5 F.Supp. 608 (S.D.N.Y.1934), in support of his first contention. All of these cases, however, involve predecessor sections to the current § 7602 none of which contained the broad language, now found in that section, that a summons may be issued

for the purpose of determining the tax liability of *any* person.[1] Moreover, these cases are factually distinguishable because in none did the Commissioner have reason to believe that unpaid taxes were owed by a taxpayer whose name he did not know, and in none did a taxpayer admit his tax liability while concealing his identity. The Commissioner is not here engaging in a fishing expedition.[2]

Respondent also cites additional cases,[3] but they are inapposite and do not warrant discussion.

■ There remains only respondent's contention that a Special Agent must concern himself solely with criminal matters and that he lacks authority to issue a § 7602 summons to assist in ascertaining the identity of an unidentified taxpayer and determining his tax liability. The Court has found no authority to support respondent's position. The Regulations contain no such restriction, Treas.Reg. § 301.7602–1 (1959), and none is to be found in the Treasury Department's publication which describes internal administration of the Service, "Statement of Organizations and Functions", Treas. Dept.Publica. No. 383, 6 CCH 1963 Stand. Fed. Tax Rep. ¶ 5988 (see ¶ 5988–1118.6 (2)).

The summons here was issued for a lawful purpose by an official with authority to issue it. Accordingly, respondent is ordered to comply with it.

---

1. Respondent points out that the House and Senate reports accompanying the Internal Revenue Act of 1954 state that § 7602 contains no material change from prior law—H.R.Rep. No. 1337, 83rd Cong., 2d Sess. (1954); S.Rep. No. 1622, 83rd Cong., 2nd Sess. (1954), U.S. Code Congressional and Administrative News 1954, p. 4025 et seq. The legislative history of a statute cannot alter its scope where it is an unambiguous statute. Cf. United States v. Zions Sav. & Loan. Ass'n, 313 F.2d 331, 336 (10th Cir. 1963).

2. The McDonough case is further distinguishable in that there the Commissioner had available to him an alternative means of obtaining the information whereas here he has no such statutory alternative by which to obtain the information to which he is entitled.

3. Pacific Mills v. Kenefick, 99 F.2d 188 (1st Cir. 1938) (Commissioner not permitted to use summons section in seeking to discover offsets to be used solely in defense against taxpayer's civil suit for refund of overpayment); Application of Carroll, 149 F.Supp. 634 (S.D.N.Y.), aff'd. sub nom. Application of United States (Carroll), 246 F.2d 762 (2d Cir.), cert. denied, Carroll v. United States, 355 U.S. 857, 78 S.Ct. 85, 2 L.Ed.2d 64 (1957) (upholding use of summons in inquiry to determine residence of named taxpayer).