Paul W. TILLOTSON, Special Agent, Internal Revenue Service, Plaintiff-Appellee,

v.

Jackson L. BOUGHNER, Defendant-Appellant.

No. 14450.

United States Court of Appeals Seventh Circuit.

June 17, 1964.

Rehearing Denied July 20, 1964.

See also 7 Cir., 327 F.2d 982.

William A. Barnett, Chicago, Ill., Crowley, Barnett, & Goschi, Chicago, Ill., of counsel, for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Burton Berkley, Attorney, U. S. Department of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Lee A. Jackson, Joseph M. Howard, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal is from an order of the district court in a proceeding under the provisions of section 7604 of the Internal Revenue Code of 1954. The order directed defendant Jackson L. Boughner, an attorney, to appear and give testimony before Paul W. Tillotson, a special agent of the Internal Revenue Service, pursuant to an Internal Revenue summons issued under section 7602 of the Code.

In July, 1961, defendant sent a letter to the Chicago district director of Internal Revenue enclosing $215,499.95 in behalf of an unknown taxpayer. In March, 1962, agent Tillotson was assigned to discover the name of the taxpayer and the years covered by the check, and also to determine whether there should be a criminal prosecution. Defendant informed the agent that he did not know the name of the taxpayer or the years involved; that the matter had been referred to him by another lawyer whose name he refused to divulge.

In October, 1962, defendant was served with an Internal Revenue summons commanding him to appear before the agent. Defendant appeared as the summons required but objected to its validity. He

did not testify. The agent petitioned the district court to enforce the summons and thereafter, following a hearing, the court entered the order from which this appeal is taken.[1]

## I.

Section 7601(a) of the Code authorizes the Internal Revenue Service to investigate the tax liability of taxpayers.[2] To implement such investigation, section 7602 of the Code[3] gives the Service broad powers of discovery. De Masters v. Arend, 313 F.2d 79 (9th Cir. 1963).

According to the evidence submitted to the district court, agent Tillotson was assigned to discover the anonymous taxpayer's identity in order to determine his correct tax liabilities and whether there had been a criminal violation. We hold sections 7601(a) and 7602 authorized the investigation undertaken and the issuance of the summons.

Defendant argues that only an investigation of a taxpayer whose identity is known is authorized. We reject this argument. Defendant has been summoned to testify concerning a taxpayer who paid a large sum of money, purportedly covering his tax liability. That his name and whereabouts are not known does not discount the fact that *a* taxpayer exists whose tax liability the Internal Revenue Service has statutory authority to investigate.

Defendant cites McDonough v. Lambert, 94 F.2d 838 (1st Cir. 1938), In re International Corp. Co., 5 F.Supp. 608 (D.C., S.D.N.Y.1934), and Mays v. Davis, 7 F.Supp. 596 (D.C., W.D.Pa.1934), in support of his position. These cases are distinguishable. In McDonough, the Service wanted to know to whom the McDonough Company had paid a $10,000 legal fee. Only the company was under investigation. The court of appeals vacated the district court's enforcement of the summons on the theory that it related to the tax return of the lawyer who had received the fee and that it had no relevancy to the company's tax liability. To the same effect is In re International Corp. Co. In Mays, the Service was engaged in a fishing exploration, attempting to examine the books of a trust company that such examination might furnish information of tax liability of some of the trusts administered by the company or their beneficiaries.

Here, the tax liability of the person who sent a check for a substantial sum to the Service, purportedly to pay his taxes, is under investigation. Defendant has been summoned to testify concerning that specific taxpayer's liability.

## II.

The functions of the Intelligence Division of the Internal Revenue Service are delineated in the applicable Treasury regulations.[4] Special agents of the division

---

1. This court held in Tillotson v. Boughner, 327 F.2d 982 (7th Cir. 1964), that the order was final and appealable following the decision in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

2. § 7601(a) reads:
"General rule.—The Secretary or his delegate shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed."

3. The pertinent language of section 7602 reads:
"For the purpose of * * * determining the liability of any person for any internal revenue tax * * * the Secretary or his delegate is authorized— * * * To summon the person liable for the tax * * * or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and * * * to give such testimony, under oath, as may be relevant or material to such inquiry."

4. Statement of Organization and Functions, Treasury Department Publication No. 383 (CCH 1964 Stand.Fed.Tax Rep. ¶ 5988).
"1118.6 *Intelligence Division.*

are not only authorized to investigate possible criminal violations but also to ascertain civil penalties. The regulations covering the issuance of summons under section 7602 are not confined to any one branch of the Service.

Agent Tillotson testified that he was assigned not only to learn the taxpayer's identity, but to determine if the correct tax had been paid and if fraud penalties, criminal or civil, were due. These duties were authorized by regulation.

No criminal prosecution existed at the time the summons was issued. For that reason the cases relied upon by defendant, United States v. O'Connor, 118 F.Supp. 248 (D.C.Mass.1953), and Application of Myers, 202 F.Supp. 212 (D.C., E.D.Pa. 1962), are distinguishable.

The propriety of a special agent's issuance of a summons in a situation such as presented here was approved in Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956). Cf. In re Magnus, Babee & Reynard, Inc., 311 F.2d 12 (2d Cir. 1962).

The order of the district court is affirmed.

KNOCH, Circuit Judge (concurring).

I note that we do not have before us any issue concerning a claim of constitutional or other privilege.

We are proceeding on the basis that no criminal prosecution existed at the time the summons was issued. The applicable Treasury regulations do authorize Special Agents of the Intelligence Division of the Internal Revenue Service to as-

certain civil penalties as well as to investigate possible criminal violations.

Nevertheless, departure here from the usual procedure of tandem investigation by a Special Agent and an Internal Revenue Agent who is a member of the Field Audit Branch reasonably gives rise to a state of dubiety concerning the actual purpose for issuing the summons.

However, in the peculiar circumstances of this specific case, I concur with my brothers' opinion that the order of the District Court be affirmed.

---

"(2) The Division evaluates allegations and indications of tax law violations and determines investigations to be undertaken. It makes recommendations as to the disposition of cases investigated, including recommendations of criminal prosecution, and the assertion of civil penalties. It provides assistance to U. S. Attorneys and the Regional Counsel in the trial of cases. The Intelligence Division consists of groups of special agents." Treas.Reg. § 301.7602–1.

"(a) *In general.* For the purpose of ascertaining the correctness of any return, making a return where none has

been made, determining the liability of any person for any internal revenue tax (including any interest, additional amount, addition to the tax, or civil penalty) or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, any authorized officer or employee of the Internal Revenue Service may examine any books, papers, records or other data which may be relevant or material to such inquiry; and take such testimony of the person concerned, under oath, as may be relevant to such inquiry."