**UNITED STATES of America and John C. Cronin, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,**

**v.**

**J. Louie CARTER, Defendant-Appellant.**

**No. 73–1414.**

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1973.

J. Luther Drew, West Palm Beach, Fla., defendant-appellant.

Scott P. Crampton, Asst. Atty. Gen., Charles E. Anderson, Tax Div., Dept of Justice, Washington, D. C., Lee H. Henkel, Jr., Acting Chief Counsel, IRS, Washington, D. C., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

PER CURIAM:

As a part of its Tax Preparers Project, initiated in an attempt to upgrade the accuracy of tax returns prepared by various tax return preparers throughout the Country, the Internal Revenue Service obtained enforcement of a summons asking for the names, addresses and social security numbers of the clients and customers for whom the defendant or his employer prepared federal income tax returns for 1970 and 1971. Appellant contends that such a "John Doe" summons is invalid and seeks reversal of the District Court enforcement order.

The validity of such a summons issued pursuant to Section 7602 of the Internal Revenue Code of 1954 has been expressly upheld in recent decisions of the Seventh Circuit, United States v. Turner, 480 F.2d 272 (7th Cir. 1973), and the Fourth Circuit, United States v. Theodore, 479 F.2d 749 (4th Cir. 1973). Following the result and the reasoning in those opinions, we affirm.

Both *Turner* and *Theodore* arose under fact situations similar to the case at bar: names, addresses, and social security numbers of the defendant's clients were required through a "John Doe" summons after an improperly completed "test" return was prepared by the defendant as a facet of the Service's Tax Preparers Project. In *Turner,* the Court enforced the summons holding that there were no criminal purpose or self-incriminatory demands inherent in the summons, and that it was not illegally broad.

In *Theodore,* the Court, after rejecting the defendant's criminal purpose objection, refused to enforce the summons due to overbreadth and vagueness. The IRS had originally requested that Theodore "produce all of the returns and all of the work records relating to all of his clients for the years 1969–1971." 479 F.2d at 755. The Court reasoned that the totality of the information sought amounted to a "fishing expedition." As to the IRS's secondary request for only the names, addresses and

social security numbers of Theodore's clients, the Court remanded the issue to the District Court to determine whether the IRS had any reasonable or practical means at its disposal short of a manual search, to compile the desired lists.

In the case *sub judice* Carter has combined several of the arguments urged by Turner and Theodore in their respective cases.

■ (1) Carter contends that the "John Doe" summons is improper because there are no named taxpayers under investigation. The Commissioner of Internal Revenue's administrative summons power is sufficiently broad, however, to allow such a summons. Section 7602 explicitly authorizes an inquiry into the tax liability of any person for any internal revenue tax. There is no provision requiring that the taxpayer be known to the Commissioner prior to issuance of the summons. See Tillotson v. Boughner, 333 F.2d 515 (7th Cir.), cert. denied, 85 S.Ct. 260, 379 U.S. 913, 13 L. Ed.2d 184 (1964).

■ (2) The IRS's request for names, addresses, and social security numbers of those taxpayers who sought Carter's help was not an unreasonable search in violation of the Fourth Amendment. Section 7602 provides, in part:

> For the purpose of ascertaining the correctness of any return, . . . the Secretary or his delegate is authorized—
>
> > (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry
> >
> > . . . .

The power given the IRS under this section has been characterized as an inquisitorial power, similar to that of the grand jury. United States v. McKay, 372 F.2d 174, 176 (5th Cir. 1967). The requirement that the information sought be relevant and material to the inquiry was met in the case at bar when Carter incorrectly prepared a sample return for an investigator operating under the Service's Tax Preparers Project.

■ (3) Carter's Fifth Amendment right against self-incrimination was not violated by the request. Carter is merely asked to resubmit information which has been given to the Government previously under his signature as preparer of the tax returns. The privacy and confidentiality protected by the Fifth Amendment does not include information of this nature. Couch v. United States, 409 U.S. 322, 335–336, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

■ (4) Carter questions the use of the 7602 summons in a manner which may lead to a criminal investigation. Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), answered this objection by enforcing the summons in a case where it was issued in good faith and prior to a recommendation for criminal prosecution. *See also* United States v. White, 477 F.2d 757 (5th Cir. 1973), aff'd on rehearing en banc, 487 F.2d 1335 (5th Cir. 1973). The summons here was issued in good faith and prior to any recommendation for criminal prosecution. The fact that the summons may produce evidence that subsequently may be used in a criminal prosecution is no basis for objection.

■ (5) There was no denial of due process by the District Court's enforcement order of December 19, 1972. Carter had the opportunity to present any defense or argument he desired to that Court at that time.

Affirmed.