**UNITED STATES of America, and John C. Cronin, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,**

v.

**J. Louie CARTER, Defendant-Appellant.**

No. 73-1414.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1974.

J. Luther Drew, West Palm Beach, Fla., for defendant-appellant.

Scott P. Crampton, Charles E. Anderson, Asst. Attys. Gen., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, IRS, Washington, D. C., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiffs-appellees.

## ON PETITION FOR REHEARING

Before BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

### PER CURIAM:

In his petition for rehearing appellant claims that this decision, 489 F.2d 413 (5th Cir. 1973), is in direct conflict with United States v. Humble Oil & Refining Co., 488 F.2d 953 (5th Cir. 1974). In this case we enforced an open-ended "John Doe" summons, while in *Humble Oil* we held that the Internal Revenue Service is not empowered under sections 7601 and 7602 to issue such a summons in aid of its research projects or inquiries, absent an investigation of taxpayers or individuals and corporations from whom information is sought. We do not regard these cases as being in conflict. In each case, the hearing panel was well aware of the other case pending.

In *Carter*, the Internal Revenue Service sought the names, addresses, and social security numbers of Carter's clients in order to ascertain the correctness of their tax returns for the purpose of checking the expertise of the taxpayer, Carter. The project was referred to as the Tax Preparers Project and was an attempt to check for fraudulent tax preparers. It was aimed at consumer protection rather than taxpayer fraud. In *Humble Oil,* however, the Internal Revenue Service was concerned with taxpayer fraud. The investigation in that case involved an attempt to obtain the names, addresses, social security numbers, and other information about third party taxpayers for the sole purpose of checking their returns for fraud or mistake.

In *Humble Oil* there was an *investigation* for purpose of discovering criminal activity. In *Carter* there was *research,* not so much to unearth criminal activity on the part of the taxpayer or even the tax preparer, but more to protect the consumer and, incidentally, to ensure that the United States received all of the funds it was entitled to receive.

The language of section 7602 supports the distinction between the two opinions of this Court reaching different results under the different fact situations.

The petition for rehearing is denied.